FILED
IN CLERK'S OFFICE

2025 JUN -6 PM 1: 20

DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DAVID A. FREEMAN

Plaintiff,

v.

HON. MICHAEL ANDERSON (official capacity)

BRIDGETT GARBALLEY-JAMES (official capacity)

TARA E. DECRISTOFARO, CLERK (official capacity)

HON. JOHN D. CASEY, CHIEF JUSTICE (official capacity)

Defendants.

VERIFIED COMPLAINT FOR

DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff David A. Freeman ("Plaintiff") files this Verified Complaint for Declaratory and Injunctive Relief against Defendants named above. This action arises under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and the Massachusetts Civil Rights Act (M.G.L. c. 12 §§ 11H–11I). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue lies in this District under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Middlesex County, Massachusetts.

PARTIES

1. Plaintiff David A. Freeman is a legal resident of Florida, presently residing under documented financial and medical hardship as established across multiple filings before the Massachusetts Supreme Judicial Court and Middlesex Superior Court. Plaintiff qualifies as an ADA Title II individual and has suffered irreparable harm through procedural exclusion and denial of access to the Massachusetts Probate and Family Court proceedings in Docket No. MI24D3407DR.

2. Defendant Hon. Michael Anderson is the sitting judge in said docket and is sued in his official capacity for injunctive relief only.

3.  Defendant Bridgett Garballey-James is an attorney of record in the state case, sued in her official capacity for collusive conduct resulting in due process violations.

4.  Defendant Clerk of the Woburn Probate and Family Court is sued in official capacity for failing to process or act on critical filings and ADA-based access requests.

5.  Defendant Chief Justice of the Probate and Family Court is sued in official capacity as the supervisory authority over judicial administration and compliance.

FACTUAL BACKGROUND

6.  Plaintiff has filed multiple ADA accommodation requests, emergency protective motions, and notices of judicial concealment in the underlying state divorce case.

7.  Despite these filings, the Probate Court proceeded to schedule and advance the case while ignoring Plaintiff's counterclaims and excluding him from proceedings based on physical disability.

7A. Plaintiff's ADA-based hardship arises from a post-surgical, medically documented full-shoulder reconstruction with biceps relocation, resulting in long-term mobility impairment and physical restriction. Recovery is anticipated to exceed one year. Plaintiff's treating physicians have confirmed severe limitations in arm function and pain, which preclude travel or physical courtroom appearance. In addition, Plaintiff is under active financial hardship, including material constraints directly resulting from the unresolved and procedurally stalled divorce case referenced herein. These constraints are compounded by the court's refusal to adjudicate critical financial and property matters, thereby creating ongoing risk and exposure.

8.  Plaintiff submitted a Petition for Extraordinary Relief to the Massachusetts Supreme Judicial Court (SJC-2025-0196), which remains pending, further exhausting all state-level remedies.

9.  On June 4, 2025, the Probate Court scheduled an in-person pretrial hearing despite clear, documented evidence of Plaintiff's medical incapacity and a verified emergency ADA filing submitted on June 3.

9A. Despite Plaintiff's June 3, 2025 emergency filings—including multiple motions for ADA-based stay, hardship recognition, and procedural conflict review—the Probate and Family Court proceeded with a hearing on June 4, 2025, at 9:00 AM. This action occurred without adjudication of any emergency filings, in defiance of Plaintiff's verified medical incapacity, and resulted in the issuance of a judicial order by Hon. Michael Anderson. No accommodation was granted, and no notice of resolution was provided to Plaintiff.

9B. The court has unilaterally scheduled a "Status Conference" for June 30, 2025 at 2:00 PM via Zoom, without ruling on Plaintiff's ADA-based objections to the prior hearing, and without issuing procedural safeguards or clarifying the impact of the June 4 order. This continued advancement of the case while Plaintiff's statutory access rights remain unremedied constitutes further denial of due process and compounds the already existing constitutional injury.

10. Defendant Bridgett Garballey-James continues to act in the case while simultaneously being a named defendant in a separate civil action (Middlesex Docket No. 2581CV00881) brought by Plaintiff for fraud and malpractice directly relating to the same matter.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 that the actions of the Defendants violated Plaintiff's rights under the Americans with Disabilities Act, the Fourteenth Amendment, and 42 U.S.C. § 1983;

2. Enter a preliminary and permanent injunction prohibiting the Defendants, their agents, and all persons in active concert with them from proceeding in Docket No. MI24D3407DR in the Massachusetts Probate and Family Court until:

   o Plaintiff's ADA access rights are fully restored;

   o All previously filed motions are docketed and adjudicated;

   o A hearing is conducted on the issues of concealment, default manipulation, and judicial bias;

   o Defendant Bridgett Garballey-James is disqualified or suspended from filing in that docket unless and until her active civil litigation conflict (2581CV00881) is resolved;

3. Award nominal damages in the amount of one dollar ($1.00) against Defendants jointly and severally for the deprivation of constitutional and statutory rights under color of law;

4. Grant such further relief as this Court deems just, equitable, and necessary to restore due process, equal access to justice, and prevent irreparable harm.

Respectfully submitted,

/s/ David A. Freeman

David A. Freeman

9961 Indian Key Trail

Seminole, FL 33776

Email: service@bostonjeepz.net

Phone: (727) 600-5027

Dated: June 4, 2025