UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID A. FREEMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 25-cv-11544-IT |
| | * | |
| MICHAEL ANDERSON, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

June 27, 2025

TALWANI, D.J.

     Plaintiff David Freeman ("Plaintiff"), proceeding *pro se*, has filed a Complaint [Doc. No. 1], Emergency Motion for Temporary Restraining Order [Doc. No. 2], Judicial Notice and Emergency Motion for Injunctive Relief [Doc. No. 6], and Judicial Notice and Request for Temporary Restraining Order [Doc. No. 8] alleging that his rights under Title II of the Americans with Disabilities Act ("ADA"), the Fourteenth Amendment, and state law are being violated in a divorce action, to which he is a party, that is pending in Massachusetts in Woburn Probate and Family Court ("Woburn Court"). Plaintiff has also filed a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 3] and a Motion for Service by United States Marshal [Doc. No. 4]. For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, DISMISS this action, and DENY as moot the emergency motions and motion for service by the United States Marshals Service.

## I.    Plaintiff's Pleadings

### A.    *Complaint*

Plaintiff brings this action against four defendants: the Honorable Michael Anderson, who is presiding over the divorce proceeding; Woburn Court Clerk Tara E. DeCristofaro; attorney Bridgett Garballey-James, who is representing another party in the divorce proceeding; and the Honorable John D. Casey, Chief Justice of the Commonwealth's Probate and Family Court. Plaintiff states that this action arises under Title II of the Americans with Disabilities Act ("ADA"), the Fourteenth Amendment, 42 U.S.C. § 1983,[1] and state law. Plaintiff is suing all defendants in their official capacity. Compl. at 1 [Doc. No. 1].

According to Plaintiff, he suffers from an "ADA-based hardship [which] arises from a post-surgical, medically documented full-shoulder reconstruction with biceps relocation, resulting in long-term mobility impairment and physical restriction." Compl. ¶ 7A. Plaintiff asserts that his physicians have confirmed "severe limitations in arm function and pain, which preclude travel or physical courtroom appearance." Id.

Plaintiff alleges that an in-person hearing at the Woburn Court was scheduled for June 4, 2025. Id. ¶ 9. Plaintiff represents that the previous day, he submitted "emergency filings—including multiple motions for ADA-based stay, hardship recognition, and procedural conflict review." Id. ¶ 9A. According to Plaintiff, Judge Anderson went forward with the hearing as scheduled, "without adjudication of any emergency filings, in defiance of [his] verified medical incapacity." Id.  Plaintiff represents that Judge Anderson "unilaterally scheduled" a remote status

---

[1] Because "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred,'" Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 35 (1st Cir. 2020) (quoting Albright v. Oliver, 510 U.S. 266, 271 (1994)), the court treats Plaintiff's claim under § 1983 as one for violation of the Fourteenth Amendment.

conference for June 30, 2025, "without ruling on Plaintiff's ADA-based objections to the prior

hearing, and without issuing procedural safeguards or clarifying the impact of the June 4 order."

Id. ¶ 9B.

Plaintiff asks that this court "enter a preliminary and permanent injunction prohibiting the

Defendants, their agents, and all persons in active concert with him from proceeding in [the

divorce proceeding] until: [] Plaintiff's ADA rights are fully restored; [a]ll previously filed

motions are docketed and adjudicated; [a] hearing is conducted on the issues of concealment,

default manipulation, and juridical bias; [and] Defendant Bridgett Garballey-James is

disqualified or suspended from filing in that docket unless and until [Plaintiff's separate lawsuit

against the attorney] is resolved[.]" Id. at 3. Plaintiff also asks the court to "[a]ward nominal

damages in the amount of one dollar ($1.00) against Defendants jointly and severally for the

deprivation of constitutional and statutory rights under color of law" and to "[g]rant further relief

as this Court deems just, equitable, and necessary to restore due process, equal access to justice,

and prevent irreparable harm." Id.

### B.    Motions for Injunctive Relief

In the Emergency Motion that Plaintiff filed with his complaint, he asks that the court

"[i]ssue an Imssmediate Temporary Restraining Order enjoining the enforcement of any ongoing

proceedings, orders, or mandates arising under [the Woburn Court divorce proceeding]," "[s]et a

preliminary injunction hearing at the Court's earlies availability," and grant any other relief that

the court deems just. Emergency Motion for Temporary Restraining Order 1-2 [Doc. No. 2].

Plaintiff claims that this relief is necessary because "[t]he state court has failed to respond to

multiple emergency filings and has knowingly ignored Plaintiff's ADA status," and that the

defendants "continue to act in furtherance of unconstitutional orders." Id. at 1.

3

Plaintiff bases his second Emergency Motion on Judge Anderson's alleged "fraudulent medical inference, material omissions, and judicial misconduct" during June 4, 2025 hearing. Judicial Notice and Emergency Motion for Injunctive Relief 1 [Doc. No. 6]. Plaintiff asserts that "direct evidence of constitutional violations, ADA suppression, and unethical judicial conduct" by Judge Anderson merits immediate injunctive relief. Id. The relief Plaintiff seeks includes taking judicial notice of Judge Anderson's "false and defamatory statement," stay all proceedings in the divorce proceeding, and enjoin the enforcement of certain orders. Id. at 2.

In his next motion, Plaintiff asserts that he "was excluded from the June 4, 2025 hearing with no acknowledged response to his clarification requests." Judicial Notice and Request for Temporary Restraining Order 1 [Doc. No. 8]. Plaintiff further claims that opposing counsel "introduced defamatory mental health narratives, concealed exculpatory law enforcement evidence, participated in unlawful liquidation of marital assets, and continued representation" of her client even though Plaintiff has filed a separate action for malpractice against the attorney. Id. at 2. Plaintiff also alleges that a counterclaim he asserted "was never docketed or heard, while subsequent hearings proceeded without acknowledgment." Id. Plaintiff asks that this court "enjoin all proceedings [in the divorce action] including hearings, filings, and asset distributions until civil rights violations and omitted counterclaims are addressed," "declare[] the actions of the probate court an opposing counsel unconstitutional, and enter[] default judgment on the unrefuted counterclaim." Id.

## II.    Motion for Leave to Proceed *in Forma Pauperis*

Upon review of the Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], the court concludes that Plaintiff has adequately demonstrated he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

4

**III.    Preliminary Review**

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of his Complaint and dismiss the pleading if it fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court may also *sua sponte* consider relevant jurisdictional issues, including whether the exercise of its jurisdiction is appropriate when a related state proceeding is pending. See Guillemard-Ginoria v. Contreras-Gomez, 585 F.3d 508, 517-18 (1st Cir. 2009). In conducting this review, the court construes Plaintiff's complaint liberally because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The Court must dismiss this action because adjudicating Plaintiff's claims would directly interfere with a pending state action. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287, (1970). "As early as 1793, Congress manifested its understanding and intention that the state courts be allowed to conduct state proceedings free from interference by the federal courts, when it prohibited the federal courts from issuing injunctions to stay proceedings in state court" the current version of which is at 28 U.S.C. § 2283. In re Justices of Superior Ct. Dep't of Massachusetts Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000). "This congressional policy, subject to only a few exceptions, has remained essentially unaltered to this day, and is reflected in the federal courts' own policies." Id. (citations omitted).

   a.    Anti-Injunction Act

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the court from providing the relief Plaintiff seeks. This statute provides: "A court of the United States may not grant an injunction

to stay proceedings in a State court except as expressly authorized by Act of Congress, or where

necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

The statute "is a necessary concomitant of the [decision of the Framers of the Constitution] to

authorize, and Congress' decision to implement, a dual system of federal and state courts." Smith

v. Bayer Corp., 564 U.S. 299, 306 (2011) (quoting Chick Kam Choo v. Exxon Corp., 486 U.S.

140, 146 (1988)). The Anti-Injunction Act's "core message is one of respect for state courts,"

and it "commands that those tribunals 'shall remain free from interference by federal courts.'" Id.

(quoting Atlantic Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 282 (1970)). Put

differently, the Anti-Injunction Act "says that federal courts cannot by injunction govern the

conduct of state litigation," and that "federal courts must abstain from disrupting ongoing state

litigation in all but the most extraordinary situations." Mannix v. Machnik, 244 Fed. App'x 37,

39 (7th Cir. 2007).

Here, Plaintiff asks this court to take actions the state court to stay its proceedings. This

relief falls squarely within the judicial action prohibited by the Anti-Injunction Act.[2] Plaintiff

asks this court not only to stay the state court proceeding, but to require that the Woburn Court

take specific actions, such as "restor[ing]" Plaintiff's "ADA rights," docketing and adjudicate

outstanding motions, conducting a hearing "on the issues of concealment, default manipulation,

and juridical bias," and ensuring that Garballey-James "is disqualified or suspended from filing

in that docket unless and until" a lawsuit Plaintiff against her is resolved. Compl. at 3. The Anti-

Injunction Act prohibits such intrusion into the state court proceedings. See, e.g., Szymonik v.

Connecticut, 807 Fed. App'x 97, 100 (2d Cir. 2020) (Anti-Injunction Act prevented federal court

---

[2] The Anti-Injunction Act does not apply to actions under 42 U.S.C. § 1983, see Mitchum v.
Foster, 407 U.S. 225, 243 (1972). Abstention principles, however, see infra, preclude the court
from exercising jurisdiction over such claims.

from issuing an injunction to require that the state family court allow husband in a divorce proceeding to file motions without leave of court); Mannix v. Machnik, 244 F. App'x 37, 39 (7th Cir. 2007) (Anti-Injunction Act prevented federal court from issuing an injunction to govern future proceedings in custody proceedings); Michael v. Family Div. of the Ct. of Common Pleas, C.A. No. 25-02813, 2025 WL 1649917, at *7 (E.D. Pa. June 10, 2025) (Anti-Injunction Act prevented federal court from vacating a bench warrant issued in a pending child support action); Rivera v. Reichl, C.A. No. 25-00537, 2025 WL 1439582, at *2 (M.D. Pa. May 19, 2025) (Anti-Injunction Act prevented federal court from intervening in and enjoining the state court from continuing state divorce proceedings).

### b.    Abstention

Further, doctrines of abstention preclude this court from exercising its jurisdiction over this case. "Abstention is a device designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Massachusetts Bd. of Registration of Psychs., 604 F.3d 658, 664 (1st Cir. 2010). Although "the pendency of a state-court action generally does not preclude a federal court from addressing the same subject matter," "the Supreme Court has developed a small cluster of doctrines that either require or allow federal courts to defer to state proceedings in particular circumstances." Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015).

The oft-invoked doctrine of Younger abstention does not neatly apply here. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that "principles of equity and comity demand that a federal court abstain from entertaining a suit that seeks to enjoin a state criminal prosecution as violative of federal law so long as the state proceeding affords an adequate opportunity to raise the federal defense and abstention will not cause irreparable harm." Sirva

Relocation, 794 F.3d at 191-92. The Supreme Court has clarified that the oft-invoked doctrine of Younger abstention has been extended to three types of state proceedings: "(i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'" Id. at 192 (quoting Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)). "If a proceeding does not fit within this taxonomy, Younger abstention will not lie." Id. The pending divorce state action of which Plaintiff complains does not fit into any of these categories.

Nonetheless, "[t]he various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases." Doe v. Massachusetts Inst. of Tech., 46 F.4th 61, 72 (1st Cir. 2022) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 n.9 (1987)), and it is proper for this court to abstain from exercising jurisdiction over a claim concerning a divorce proceeding in which the relief sought is direct interference in the pending divorce action.  This court agrees with the reasoning of Krueger v. Kaul, 805 Fed. App'x 411 (7th Cir. 2020), in which the Seventh Circuit upheld the district court's dismissal on abstention grounds of a case concerning a state paternity action:

> But the relief [plaintiff] seeks—an order directing the state court how to conduct its ongoing proceeding—runs contrary to the principles of equity, comity, and federalism underlying our abstention doctrines, so the district court could not have properly exercised jurisdiction over this claim. This matter does not fit neatly into the scenarios under which it is appropriate to abstain under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971): the paternity case is not a criminal proceeding; it is not a civil enforcement proceeding akin to a criminal prosecution (the state is not a party, and [plaintiff] is not a target); and it does not touch on a state's interest in enforcing the orders and judgments of its courts. [B]ut . . . [plaintiff] seeks a level of intrusion by a federal court into the state court's operations that is "simply too high" at least before the state courts have had a chance to consider the issue.

Id. at 413 (quoting Courthouse News Serv. v. Brown, 908 F.3d 1063, 1074 (7th Cir. 2018)).

**III.    Conclusion**

In accordance with the foregoing, the court hereby orders:

1.        The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is GRANTED.

2.        This action is DISMISSED based on the Anti-Injunction Act and principles of abstention.

3.        The remaining motions are DENIED as moot.

IT IS SO ORDERED.

Dated: June 27, 2025                                    /s/ Indira Talwani
                                                        United States District Judge